HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KIMBERLY MILLER, et al.,

                Plaintiffs,

    v.

P.S.C., INC., d/b/a PUGET SOUND COLLECTIONS, and DOES ONE THROUGH TEN,

                Defendants.

CASE NO. C17-5864 RBL

ORDER DENYING MOTION TO REMAND IN PART

THIS MATTER is before the Court on Plaintiffs' Motion to Remand in Part [Dkt. 8]. Plaintiffs' allege claims under the Fair Debt Collection Practices Act (FDCPA)[1] and the Washington Consumer Protection Act (WCPA) for alleged unfair and deceptive debt collection practices by Defendants. Defendants timely removed this action from Pierce County Superior Court, invoking this Court's federal question jurisdiction. Dkt. 1. Plaintiffs' contend that their WCPA claims raise novel or complex issues of state law, and that this Court should decline to exercise its supplemental jurisdiction over those claims pursuant to factors enumerated in 28 U.S.C. § 1367(c). Plaintiffs' request that the Court remand their WCPA claims and stay

---

[1] 15 U.S.C. § 1692 *et seq.*

proceedings on the FDCPA claim until the Pierce County Superior Court resolves the state law claims. Defendants dispute that any of the § 1367(c) factors justify declining supplemental jurisdiction over the state law claims, and argue that remanding the case in part would be an unfair and wasteful use of judicial resources.

The Court has discretion to exercise supplemental jurisdiction over the related state law claims.[2] *See* 28 U.S.C. § 1367(a); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations omitted).

After careful review of the parties' filings and in the interest of judicial economy, the Court declines to remand the state law claims back to Pierce County Superior Court. To the extent that the lawsuit actually raises novel issues of state law, the Court is capable of certifying a question to the Washington Supreme Court. Accordingly, Plaintiffs' Motion to Remand in Part [Dkt. 8] is **DENIED**.

IT IS SO ORDERED.

Dated this 16th day of January, 2018.

Ronald B. Leighton
United States District Judge

---

[2] The parties do not dispute that this Court has jurisdiction over the FDCPA claim, or that the WCPA claims are based on the same facts and allegations as the FDCPA claim.