UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIMBERLY MILLER, BRIANA HOUSER, and DEAN BUCHHOLZ, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>P.S.C., INC., d/b/a PUGET SOUND COLLECTIONS, and DOES ONE THROUGH TEN,<br><br>Defendant. | CASE NO. 3:17-cv-05864-RBL<br><br>ORDER ON MOTION TO FILE "CONFIDENTIAL" DOCUMENTS IN OPEN COURT |

THIS MATTER is before the Court on Plaintiffs' Motion to File "Confidential" Documents in Open Court [Dkt. 16]. Plaintiffs filed a putative class action alleging that P.S.C. violated Washington's Consumer Protection Act (Wash. Rev. Code §19.86), Washington's Collection Agency Act (Wash. Rev. Code § 19.16), and the Fair Debt Collection Practices Act (15 U.S.C. §1692). Because discovery could "involve production of confidential, proprietary, or private information," the parties stipulated to a protective order. [Dkt. 14]. Before filing their motion for class certification, Plaintiffs' counsel contacted P.S.C. to request a waiver of the confidentiality designation on excerpts from its Collector Notebook and depositions. P.S.C. waived the designation on some, but not all, of the excerpts.

Plaintiffs move for an order to unseal excerpts from the Notebook, excerpts from Justin Anderson's and Angela Vanderhoof's depositions, and its own motion for class certification. Plaintiffs argue that most of the information P.S.C. seeks to protect relates to Stipulated Judgment Forms that are no longer in use.[1] They argue that P.S.C. did not articulate "compelling reasons" to seal these excerpts and its reasons do not overcome the strong presumption for public access to court records.

P.S.C. requests that the Court maintain a seal over excerpts from the Notebook, the Anderson deposition, and the Vanderhoof deposition. P.S.C. argues that it has a legitimate private interest in protecting its competitive standing. It contends that the Notebook is a "trade secret" containing "internal and proprietary instructions . . . on all aspects of its collection activity." These instructions, it claims, "have been developed and refined by P.S.C., at its own expense, for many years." P.S.C. argues that unsealing these excerpts could allow its competitors to use its strategies and market themselves as a low-cost alternative to P.S.C. It also argues that debtors could use the excerpts to circumvent its collection strategies.

Plaintiffs respond that P.S.C.'s potential risk of injury is vague and does not satisfy the compelling reasons standard. Plaintiffs argue that it is unclear how its competitors or consumers could undercut or circumvent P.S.C. when the excerpts discuss information that P.S.C no longer employs. Plaintiffs argue that public access is necessary because absent members of the proposed class should be able to review their arguments in the motion for class certification.

## I.     Legal Standard

"In this circuit, we start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F. 3d 1112, 1135 (9th Cir. 2003); *see also Kamana*

---

[1] P.S.C. admitted to using these forms in its answer to Plaintiffs Complaint. *See* Dkt. 5. Par. 73.

*v. City and Cnty, of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("Unlike private material unearthed during discovery, judicial records are public documents almost by definition, and the public is entitled to access by default."). Public access to filed motions and their attachments "turns on whether the motion is more than tangentially related to the merits of the case." *Ctr for Auto Safety v. Chrysler Grp., LLC* 809 F. 3d 1092, 1102 (9th Cir. 2016). Motions are more than tangentially related to the merits of a case when the motion either directly or in effect pertains to the central issues of a case. *See Id.* at 1100.

A party who seeks to maintain the secrecy of sealed records attached to motions that are "more than tangentially related to the merits of a case," *Foltz,* 331 F. 3d 1112, 1135 (9th Cir. 2003), must articulate "compelling reasons supported by specific factual findings" that outweigh the general right to public access. *Kamana,* 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party meets the "compelling reasons" test when it articulates facts that identify "the interests favoring continued secrecy" and shows that these interests outweigh the strong "public interest in understanding the judicial process." *Id.* at 1181.

When a party seeks to protect sealed attachments to motions "unrelated or only tangentially related" to the merits of a case, the strong presumption of public access is rebutted and the "good cause" standard applies. *See Philips ex re. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002). A party meets the good cause standard when it satisfies Fed. R.Civ.Pro. 26(c) and articulates the specific prejudice or harm that will result. *Foltz,* 331 F. 3d 1112, 1121-22 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" fail the good cause standard. *See Philips,* 307 F.3d 1206 (9th Cir. 2002).

## II. Analysis

### A. Plaintiffs' Motion to Certify Class is More Than Tangentially Related

In asserting that the compelling reasons standard applies, neither party articulates why the Plaintiffs' motion for class certification is more than tangentially related to the merits of the case or not.

In evaluating whether an underlying motion for class certification is more than tangentially related to the merits of the case, courts consider whether the certification analysis overlaps with the merits of the case or the denial of the class is effectively dispositive.[2] *See, e.g., Moussouris v. Microsoft Corp.*, No. 15-CV-1483 JLR, 2018 WL 1159251, at *4 (W.D. Wash. Feb. 16, 2018), report and recommendation adopted, No. C15-1483JLR, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018) (motion to certify class would overlap with the merits when assessing "whether there are common questions of law or fact"); *Mohamed v. Kellogg Co.*, No. 14-CV-2449-L-MDD, 2018 WL 4489622, at *1 (S.D. Cal. Sept. 18, 2018) (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (merits of a plaintiff's substantive claims are often highly relevant in determining whether to grant class certification); *see also In re Seagate Tech. LLC*, 326 F.R.D. 223, 246 (N.D. Cal. 2018) (considering the impracticality of individual litigation and determining that the motion for class certification was effectively dispositive.).

Here, the motion for class certification is more than tangentially related because in deciding whether to certify the class, the Court's analysis of commonality and predominance overlapped with the merits of the underlying claim. As a result, P.S.C. must articulate

---

[2] Although *Chrysler* broadened the former dispositive versus non-dispositive standard into "more than tangentially related," some district courts continue to use language from the pre-*Chrysler* standard.

compelling reasons and show how those reasons outweigh the strong presumption of public access.

**B. P.S.C. Did Not Articulate Compelling Reasons**

    **i.    Excerpts from Deposition [Dkt. 18 and 19]**

P.S.C. seeks to seal lines 85:12-14 and 97:1-17 of Mr. Anderson's Deposition and lines 25:16-26:6 of Ms. Vanderhoof's Deposition. In these lines, Anderson and Vanderhoof discuss and interpret the Stipulated Judgment Review section of P.S.C.'s Notebook. P.S.C. has not articulated any compelling reasons, let alone any specific reasons, why testimony interpreting the forms at the very crux of this case should be sealed. As a result, P.S.C. has not overcome the strong presumption for public access.

    **ii. Excerpts from the P.S.C. Notebook [Dkt. 20]**

P.S.C. requests blanket protection over Plaintiffs' Exhibit 3.[3] P.S.C. asserts that its instructions are "trade secrets" that must be sealed in order to protect its competitive standing. P.S.C. argues that debtors and its competitors could use the information in the Notebook to undercut P.S.C.'s collection strategies and market standing.

At first glance, P.S.C. appears to articulate the magic words necessary to christen the Notebook as a trade secret. *See Clark v. Bunker,* 453 F.2d 1006, 1010 (9th Cir. 1972) ("Appellee invested substantial time, thought, and money."). However, P.S.C. merely asserts, without any specific factual basis, that the entire excerpt constitutes a trade secret. It is unclear how instructions that logically tier debt based on the principal balance due constitute a trade secret. It is unclear how debtors could use this tiered communication structure to circumvent

---

[3] Exhibit 3 contains P.S.C's Collector Activity Requirements, Instructions on Communications with Consumers, and P.S.C.'s Stipulated Judgment Review.

P.S.C.'s collection strategies. It is unclear how any information regarding the stipulated judgment forms at issue in the underlying case merit protection. P.S.C. has not specifically articulated how its current business would be affected through the release of the excerpted pages from its Notebook. P.S.C. never articulates how its interest in secrecy outweighs the strong presumption for public access to judicial records. Consequently, P.S.C does not meet the compelling reasons standard.

### iii. Motion for Class Certification [Dkt. 21]

P.S.C. makes no argument regarding Plaintiffs' redacted motion for class certification and the Court cannot see how the redacted lines of testimony discussing the very forms at issue must be protected from the public.

Plaintiffs' Motion to File "Confidential" Documents in Open Court is GRANTED. The clerk shall remove the seal from Dkt. Numbers 18, 19, 20, and 21.

IT IS SO ORDERED.

Dated this 6th day of December, 2018.

Ronald B. Leighton
United States District Judge