THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KIMBERLY MILLER, BRIANA HOUSER, and DEAN BUCHHOLZ, on behalf of themselves and on behalf of others similarly situated,

Plaintiffs,

v.

P.S.C., INC., d/b/a PUGET SOUND COLLECTIONS, and DOES ONE THROUGH TEN,

Defendants.

NO. 3:17-cv-05864-RBL

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**Noted for Consideration: 1/10/2020 9:30 a.m.**



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF CONTENTS


**Page No.**

I. INTRODUCTION ....................1

II. STATEMENT OF FACTS ....................2

III. AUTHORITY AND ARGUMENT ....................4

A. Ms. Miller, Ms. Houser, Mr. Buchholz, and Class Counsel have adequately represented the class ....................6

B. The Settlement is the result of arm's-length, non-collusive negotiations ....................6

C. The relief provided for the Class is adequate ....................7

1. The relief provided by the Settlement is adequate in light of the costs, risks, and delay of trial and appeal ....................7

2. Class Members with a deliverable address will be mailed a check with no claims process ....................9

3. Class Counsel seek an award of attorneys' fees at the Ninth Circuit's benchmark of 25% of the common fund, which will be paid only after final approval ....................9

D. The Settlement treats Class Members equitably relative to each other ....................10

E. The Court-ordered Notice Program is constitutionally sound ....................11

F. The Settlement Class should be finally certified ....................11

G. Class Counsel's requested fees and the Class Representatives' requested statutory damages and service awards should be approved ....................12

IV. CONCLUSION ....................12




TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*Allen v. Bedolla*,
787 F.3d 1218 (9th Cir. 2015) .......... 10

*Amchem Prods. v. Windsor*,
521 U.S. 591 (1997) .......... 11

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) .......... 5

*Estate of Brown v. Consumer Law Assocs.*,
No. 11-CV-0194, 2013 WL 2285368 (E.D. Wash. May 23, 2013) .......... 8

*In re Hyundai and Kia Fuel Econ. Litig.*,
926 F.3d 539 (9th Cir. 2019) .......... 7

*In re Mego Fin. Corp. Sec. Litig.*,
213 F.3d 454 (9th Cir. 2000) .......... 8

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) .......... 7

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
895 F.3d 597 (9th Cir. 2018) .......... 5

*Knapp v. Art.com, Inc.*,
283 F. Supp. 3d 823, 833 (N.D. Cal. 2017) .......... 8

*Ortiz v. Fiberboard Corp.*,
527 U.S. 815 (1999) .......... 6

*Rinky Dink, Inc. v. World Bus. Lenders*,
No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016) .......... 8

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) .......... 9

*Roes, 1-2 v. SFBSC Mgmt.*, LLC,
--- F.3d ---, 2019 WL 6721190 (9th Cir. 2019) .......... 5, 6, 11



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ....................10

**FEDERAL STATUTES**

15 U.S.C. § 1692k(a)(2)(B) ....................10

**FEDERAL RULES**

Fed. R. Civ. P. 23(c)(2)(B) ....................11

Fed. R. Civ. P. 23(e)(1) ....................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ....................6



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiffs and Class Counsel[1] request that the Court find that the proposed class-wide settlement is fair, adequate and reasonable and grant final approval of the Settlement.

The Settlement is an excellent result for the Class. P.S.C. will establish a non-reversionary Settlement Fund with a value of $1,520,000. P.S.C. will pay $1,245,000 in cash, which will be used to make payments to the Class Members for whom the Class Administrator has a deliverable address. The average payment to Class Members is approximately $287.19 and the cash awards will be as high as $4,344.62, depending on the amount each Class Member paid in fees. FDCPA Sub-Class Members will each receive statutory damages awards of $8.50. The remainder of the Settlement Fund ($275,000) will be paid by P.S.C. in the form of write-offs to Class Member Accounts for which P.S.C. obtained a judgment in Pierce County Superior Court using the "Stipulation Re Balance Owed and for Judgment" or "Stipulated Judgment" forms (collectively the "Stipulated Judgment Forms"). Three hundred and fifteen (315) Class Members qualify for write offs ranging from $3.00 to $4,653.24. P.S.C. has also agreed to significant non-monetary relief requiring it to cease the debt-collection practices challenged in this litigation, request the deletion of negative credit reporting regarding Class Member Accounts, and file partial or full satisfactions of judgment reflecting the write-off allocations required under the Settlement Agreement.

Because the requirements of Fed. R. Civ. P. 23(e) and (h) are satisfied, Plaintiffs request that the Court grant final approval to the Settlement by: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel $380,000 in attorneys' fees and costs; and (5) approving statutory damage and service awards of $5,000 each to the three Class Representatives.

---

[1] Unless otherwise defined, capitalized terms have the same meaning as ascribed to them in the Settlement Agreement. Dkt. #64-1 ("Settlement Agreement").



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II. STATEMENT OF FACTS

On September 10, 2019, the Court granted preliminary approval of the classwide Settlement negotiated by the parties. Dkt. #66 ("Preliminary Approval Order"). The Settlement requires P.S.C. to establish a non-reversionary Settlement Fund with a value of $1,520,000. P.S.C. will pay $1,245,000 in cash that will be used to: (1) pay cash awards to all Settlement Class members for whom the Class Administrator has a deliverable address; (2) pay statutory damages and service awards to the three Class Representatives, as approved by the Court, but not to exceed $15,000; (3) pay up to $380,000 in attorneys' fees and litigation costs, as approved by the Court; and (4) pay the Class Administrator, Posthlewaite & Netterville ("P&N"), for the costs of settlement administration and providing notice to the Class. Dkt. #64-1 ("Settlement Agreement") §§ III.1 & 2. The remaining $275,000 will be paid by P.S.C. in the form of write-offs to Class Member Accounts for which P.S.C. obtained a judgment in Pierce County Superior Court using the Stipulated Judgment Forms. There are 315 Class Members who qualify for write offs ranging from $3.00 to $4,653.24. Declaration of Beth E. Terrell in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Terrell Decl.") ¶ 5.

There are 3,459 Class Members with a deliverable address, 2,897 of whom will receive cash payments ranging from $0.31 to $4,344.62, depending on the amount each Class Member paid in fees. Terrell Decl. ¶ 2. The average payment Class Members will receive is approximately $287.19. *Id.* at ¶ 4. Class Members who signed Stipulated Judgment Forms but made no payment to P.S.C. for amounts other than principal do not have monetary damages and will not receive a Settlement Payment. Dkt. #64, ¶ 21. There are 1,176 FDCPA Sub-Class Members with a deliverable address, each of whom will receive $8.50 in statutory damages. Terrell Decl.¶ 3.

In addition, the Settlement provides significant non-monetary relief. P.S.C. has agreed to the following prospective relief, which is reflected in the proposed final approval order: (1)



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

P.S.C. shall not use collection-related forms containing language that purports to permit entry of judgments without first serving a summons and complaint, and shall not file any such forms in any court proceeding in Washington; (2) P.S.C. will not apply for writs of garnishment in any Pierce County Superior Court case where it obtained a judgment without having served a summons and complaint; (3) P.S.C. will request the deletion of any tradeline it has been reporting to any consumer reporting agency regarding any Class Member Account; and (4) P.S.C. will file partial or full satisfactions of judgments reflecting the write-off allocations required by the Settlement. Settlement Agreement § III.4. This injunctive relief benefits all Class Members regardless of whether they are entitled to cash payments under the Settlement.

The Settlement Fund is also non-reversionary. The Settlement Agreement provides that any amounts remaining in the Settlement Fund as a result of uncashed checks will be distributed in *cy pres* to the Northwest Consumer Law Project and the Legal Foundation of Washington, two non-profit organizations that advocate for low- and moderate-income consumers throughout Washington, including victims of unfair debt collection.

The Preliminary Approval Order directed that a postcard notice be mailed to members of the Settlement Class. Preliminary Approval Order ¶¶ 6–7. The Class Administrator completed the notice program as directed in the Preliminary Approval Order. Declaration of Settlement Administrator ("Aldridge Decl.") ¶ 3. P&N has incurred $13,783.47 in fees and costs completing the notice plan and administering the Settlement, and anticipates incurring an additional $6,745.84, but has agreed to cap its fee at $18,000. Aldridge Decl. ¶ 14.

P&N received 3,786 Class Member records from counsel. P&N deduplicated the list and identified 3,652 individual Class Members. Aldridge Decl. ¶ 5. P&N then cross-checked Class Members' mailing addresses against the National Change of Address database maintained by the United States Postal Service ("USPS"). *Id.* ¶ 7. In addition, the addresses were certified via the Coding Accuracy Support System to ensure the quality of the zip code, and verified through Delivery Point Validation, to verify the accuracy of the addresses. *Id.*



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

P&N mailed initial Postcard Notice to all 3,652 Class Members. *Id.* A total of 245 initial postcards were returned to P&N as undeliverable. *Id.* ¶ 11. Using (1) forwarding addresses provided by the USPS; (2) skip trace searches using the LexisNexis third-party vendor database; and (3) requests received directly from Class Members, P&N was able to identify alternative mailing addresses for and re-mail postcard notices to 91 of the 245 Class Members whose initial notice was returned as undeliverable. *Id.* ¶¶ 7, 11. Of the 91 Class Members to whom notice was re-mailed, 39 were returned as undeliverable. In total, 3,459 Class Members (94.7% of the Class) received direct notice. *Id.* ¶ 11. The 193 Class Members for whom a deliverable address could not be found will not be sent a settlement award check. Settlement Agreement § III.2. However, these Class Members will receive the benefit of the non-monetary relief the Settlement prescribes, as well as the write-off portion of the Settlement Fund should they qualify.

The Class Administrator also established and maintained a publicly available website containing documents relevant to the Settlement and responses to frequently asked questions, and an email address for inquiries. Aldridge Decl. ¶¶ 9–10. Class Counsel provided a toll-free telephone number to answer questions from Class Members. Terrel Decl. ¶ 6. Class Counsel filed their Motion for Attorneys' Fees and Service and Statutory Damages Awards on November 7, 2019. Dkt. #68. The motion and supporting declarations were posted to the Settlement Website the same day. Aldridge Decl. ¶ 9.

Class Members had 60 days from the date of mailing of the initial postcard notice to exclude themselves from the settlement or submit objections. The deadline to opt out or object was December 9, 2019. Preliminary Approval Order ¶ 24. No Class Members have opted out or objected. Aldridge Decl. ¶¶ 12–13.

## III. AUTHORITY AND ARGUMENT

Under Rule 23(e)(2), the Court may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering whether:



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
  (i) the costs, risks, and delay of trial and appeal;
  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
  (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
  (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

The amendment to Rule 23 adopting these factors took effect on December 1, 2018, so there is no binding authority addressing them yet. But the factors are largely consistent with those previously identified by the Ninth Circuit as guides to determining whether a proposed settlement is fair, adequate, and reasonable. The factors previously discussed by the Ninth Circuit are: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004). The Ninth Circuit has characterized these factors as "guideposts" and explained that "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

The "heightened scrutiny" courts must employ when assessing the adequacy of a pre-certification settlements is inapplicable here, where the Court had already certified the Class before the parties started settlement discussions. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, --- F.3d -



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

--, 2019 WL 6721190, at *9-10 (9th Cir. 2019). The addition of 125 Class Members who signed the same Stipulated Judgment Forms *prior* to the statutory period, but were injured *during* the statutory period when P.S.C. filed a judgment against them does not impact this analysis.

**A. Ms. Miller, Ms. Houser, Mr. Buchholz, and Class Counsel have adequately represented the class.**

The Court previously found that Plaintiffs have no conflicts of interest with the other proposed Class Members and have demonstrated their commitment to the class by actively participating in the litigation. Dkt. #40 at 11. Nothing has changed. Plaintiffs and Class Counsel have continued to vigorously represent the class and have no conflicts of interest with any Class Members. Each of the Class Representatives responded to written discovery and was deposed in this matter. Dkt. #69 ¶ 15.

**B. The Settlement is the result of arm's-length, non-collusive negotiations.**

The parties negotiated the Settlement at arm's length over several weeks. "[O]ne may take a settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining." *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999). The negotiations were conducted with the assistance of Louis Peterson, an experienced mediator, and included a full-day mediation. Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests").

Class Counsel negotiated the settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case. Dkt #64, ¶¶ 2–8, 22–24; Dkt. #65, ¶¶ 4–6. Class Counsel have extensive experience litigating and settling class actions, and consumer class actions challenging debt collection practices in particular. Dkt. #64, ¶¶ 23–



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

26; Dkt. #65, ¶¶ 5–7. They believe the settlement is fair, reasonable, adequate, and in the best interest of the Class as a whole. Dkt. #64, ¶ 15.

The Ninth Circuit has identified "red flags" that may suggest that plaintiffs' counsel allowed pursuit of their own self-interest to infect settlement negotiations, including when counsel receive a disproportionate portion of the settlement, the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or the parties agree that any fees not awarded will revert to defendants rather than be added to the class fund. *In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 569 (9th Cir. 2019). None are present here. Because Class Counsel will be paid from the same Settlement Fund as Class Members, they were incentivized to negotiate the largest fund possible. None of the Settlement Fund will revert to P.S.C.; any requested fees or Service Awards not approved by the Court will be distributed to Class Members. Settlement Agreement § III.1.

**C. The relief provided for the Class is adequate.**

In determining whether the relief provided to the Class is adequate, courts must balance the strength of the plaintiff's case against the risk, expense, complexity, and likely duration of further litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). Here, P.S.C.'s agreement to pay $1,520,000 to settle this case and to cease the debt-collection practices challenged in this litigation, request the deletion of tradelines regarding Class Member Accounts, and file partial or full satisfactions of judgment reflecting the write-off allocations required under the Settlement Agreement is more than adequate given the risks and delay of continued litigation.

1. The relief provided by the Settlement is adequate in light of the costs, risks, and delay of trial and appeal.

The parties have been litigating this action for nearly two years and have sufficient information to make an informed decision with respect to the Settlement. Dkt. #64 ¶¶ 9–12. Prior to mediation, P.S.C. responded to Plaintiffs' written discovery requests and produced data



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

identifying Class Members and the amounts they paid based on the Stipulated Judgment Forms, as well as documents establishing the time periods during which P.S.C. used the challenged forms. *Id*. at ¶ 12. Plaintiffs reviewed and analyzed the documents and data, took depositions, and and prepared damage models using the data. *Id*. Plaintiffs had engaged in sufficient discovery to assess the strength of their claims, the amount of damages incurred by the Class, the financial assets available to P.S.C., and the risks of continued litigation. As a result, "the parties had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink, Inc. v. World Bus. Lenders*, No. C14-0268-JCC, 2016 WL 3087073, at *3 (W.D. Wash. May 31, 2016).

The monetary benefits of the Settlement alone, which are approximately 65% of the total actual damages Class Counsel estimated, exceed similar settlements approved by other courts. *See Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 833 (N.D. Cal. 2017) (approving settlement of consumer class action that provided 42% of the average total potential recovery and injunctive relief); *Cavnar v. BounceBack, Inc.*, No. 2:45-CV-235-RMP, ECF No. 154 (E.D. Wash. Sept. 15, 2015) (approving settlement providing 15.6% of alleged unlawful collection fees paid by class members alleging FDCPA and Consumer Protection Act violations); *Estate of Brown v. Consumer Law Assocs.*, No. 11-CV-0194, 2013 WL 2285368, at *3 (E.D. Wash. May 23, 2013) (approving settlement of class claims under Consumer Protection Act paying class members and estimated 30% of funds collected for challenged debt adjusting practices); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming the district court's approval of a settlement estimated to be worth between 1/6 and 1/2 of class members' estimated loss). But even Class Members who paid no fees, interest, or costs will benefit from the injunctive relief preventing P.S.C. from obtaining judgments using the Stipulated Judgment Forms and requiring P.S.C. to request the deletion of negative credit reports.

Plaintiffs have been confident in the strength of their case, but also pragmatic about the risks inherent in litigation and various defenses available to P.S.C. In Plaintiffs' view, liability



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

was relatively clear based on a review of P.S.C.'s Stipulated Judgment Forms and related practices. But success was not guaranteed. P.S.C. has consistently denied liability for the Class' claims and asserted fifteen affirmative defenses. Dkt. #5, ¶¶ 154-168. Plaintiffs still had several hurdles to clear before resolution through further litigation, including additional discovery, dispositive motions likely to be filed by both parties, and ultimately trial and any appeal that followed. Plaintiffs also recognize that class certification is never certain, as P.S.C. could move to decertify or appeal after trial. Plaintiffs therefore faced the ongoing risk that individual Class Members would have to file their own lawsuits or that any payments to the Class would be substantially delayed by appeals.

Litigating this case to trial and through any appeals would be expensive and time-consuming and would present risk to both parties. The Settlement, by contrast, provides prompt and certain relief for Class Members. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

2. <u>Class Members with a deliverable address will be mailed a check with no claims process.</u>

Rule 23(e)(2)(C)(ii) calls for consideration of the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims. The Settlement Agreement provides a straightforward distribution process—checks will be mailed to all Class Members for whom the Class Administrator has a deliverable address, with no requirement that Class Members submit claims. Settlement Agreement § III.4.

3. <u>Class Counsel seek an award of attorneys' fees at the Ninth Circuit's benchmark of 25% of the common fund, which will be paid only after final approval.</u>

Under Rule 23(e)(2)(C)(iii) the Court should consider "the terms of any proposed award of attorney's fees, including timing of payment." The Settlement Agreement provides that attorneys' fees and costs shall be paid from the Settlement Fund in an amount approved by the Court. Settlement Agreement § IV.2. Class Counsel seek an award at the Ninth Circuit's 25% benchmark for common fund cases. *See* Dkt. #68. In addition, fees will be paid only after the



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Settlement is finally approved by the Court, the time for any appeal has elapsed, or any appeal has been resolved, and the Settlement has taken effect. And the Settlement Agreement contains no “clear sailing” provision. *See Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (a clear sailing provision is “an arrangement where defendant will not object to a certain fee request by class counsel.”). Through free to do so, neither P.S.C. nor any Class Member objected to the 25% benchmark award sought by Class Counsel.

Courts often exclude injunctive relief when determining the value of a common fund for purposes of calculating attorneys’ fees when the value of the relief is difficult to quantify. *Staton v. Boeing Co.*, 327 F.3d 938, 973–74 (9th Cir. 2003). That is not the situation here. The $275,000 reallocation portion of the common fund will directly benefit Class Members by reducing outstanding debts in an easily quantified amount and is therefore properly included in the valuation of the common fund. *See id*. Class Counsel are not asking that the non-monetary injunctive relief portions of the Settlement be added to the value of the common fund from which they request a 25% benchmark award.

**D. The Settlement treats Class Members equitably relative to each other.**

Under Rule 23(e)(2)(D), the Court must consider whether the Settlement Agreement treats Class Members equitably relative to each other. Each Class Member’s share will be based on his or her actual damages. Under the FDCPA, statutory damages for absent class members are limited to $500,000 or 1% of P.S.C.’s net worth, whichever is less. 15 U.S.C. § 1692k(a)(2)(B). P.S.C.’s discovery responses reflect assets of approximately $1,000,000. Dkt. #64 ¶ 22. One percent of that amount is $10,000. The 1,176 FDCPA Sub-Class Members with a deliverable address will each receive a payment of $8.50, which is the maximum they could have obtained at trial. In addition, Class Members against whom P.S.C. filed judgments will receive write-offs based on the amount they actually paid to P.S.C. in interest, attorney fees, or costs. And Class Members who paid no fees, interest, or costs will still benefit from the injunctive relief to which P.S.C. has agreed.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**E. The Court-ordered Notice Program is constitutionally sound.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B). To comply with due process, notice must be "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Amchem Prods. v. Windsor*, 521 U.S. 591, 617 (1997).

The Preliminary Approval Order directed that postcard notice be mailed to members of the Class. Preliminary Approval Order ¶¶ 6-7. The Class Administrator completed the Notice Plan as directed, including completing advanced address searches for Class Members whose postcards were returned undeliverable, followed by remailing where possible. Aldridge Decl. ¶¶ 3, 7. Direct notice via U.S. Mail satisfies the requirements of due process and is a reasonable manner for providing notice under Federal Rule of Civil Procedure 23(e)(1) in this case. Only 5.4% of Class Members had a permanently undeliverable address, a percentage that is less than half of the 12% of class members with no deliverable address that raised concern in *SFBSC Mgmt*. 2019 WL 6721190, at *7. In addition, the Class Administrator established and maintained a publicly available website containing documents relevant to the Settlement and responses to frequently asked questions and provided an email address Class Members could use to contact the Administrator. Aldridge Decl. ¶ 9. Class Counsel provided toll-free telephone number to answer questions from Class Members. Terrell Decl. ¶ 6. Class Counsel responded to calls from more than 20 class members, many of whom expressed appreciation for the Settlement. *Id*.

**F. The Settlement Class should be finally certified.**

In its Preliminary Approval Order, the Court modified the definition of the Class it previously certified and certified the FDCPA Sub-Class on which it had previously reserved



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

ruling. Preliminary Approval Order at ¶ 3. The proposed Class and Sub-Class consist of thousands of Washington consumers from whom P.S.C. collected or attempted to collect an alleged debt using the same Stipulated Judgment Forms Plaintiffs received. For that reason, and all the reasons set forth in the Court's class certificate order, Dkt. #40, and Plaintiffs' motion to approve notice to the settlement class, Dkt. #63 at 9–12, the Court should finally certify the Settlement Class.

### G. Class Counsel's requested fees and the Class Representatives' requested statutory damages and service awards should be approved.

Not one Class Member objected to Class Counsel's request for reasonable attorneys' fees, and statutory damages and service awards to Class Representatives, Kimberly Miller, Briana Houser, and Dean Buchholz. For all the reasons set forth in Plaintiffs' Motion for Attorneys' Fees and Service and Statutory Damages Awards, Dkt. #68, Class Counsel respectfully request that the Court award (1) Class Counsel $380,000 in attorneys' fees and costs; and (2) Class Representatives Miller, Houser, and Buchholz statutory damages and service awards in the amount of $5,000, consisting of a $1,000 statutory damages award and $4,000 in recognition of their service to the Class.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the settlement Class; (4) granting Class Counsel an attorneys' fees and costs award of $380,000; and (5) approving statutory damage and service awards in the amount of $5,000 to each Class Representative.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 23rd day of December, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759

Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Joshua L. Turnham, WSBA #49926
Email: joshua@turnhamlaw.com
THE LAW OFFICE OF
JOSHUA L. TURNHAM, PLLC
214 East Galer Street, Suite 100
Seattle Washington 98102
Telephone: (206) 395-9267
Facsimile: (206) 905-2996

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on December 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Sabido, WSBA #29170
Email: rsabido@cosgravelaw.com
Timothy J. Fransen, WSBA #51110
Email: tfransen@cosgravelaw.com
COSGRAVE VERGEER KESTER LLP
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

*Attorneys for Defendant*

DATED this 23rd day of December, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiffs*