THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMBERLY MILLER, BRIANA HOUSER, and DEAN BUCHHOLZ, on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>P.S.C., INC., d/b/a PUGET SOUND COLLECTIONS, and DOES ONE THROUGH TEN,<br><br>Defendants. | NO. 3:17-cv-05864-RBL<br><br>**FINAL APPROVAL ORDER AND FINAL JUDGMENT** |

This matter came before the Court upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and Class Counsel's Motion for an Award of Fees, Costs, and Class Representative Statutory and Service Awards. After considering the motions and the declarations and exhibits submitted with the motions, the Court enters this Final Approval Order and Judgment ("Final Approval Order"), which constitutes a final adjudication on the merits of all claims of the Class and Sub-Class. It is HEREBY ORDERED that the motions are GRANTED, the Settlement Agreement and Release ("Agreement") is finally approved, Class Counsel are awarded $380,000.00 in fees and expenses, and each of the three Plaintiffs is awarded $5,000.00 for statutory damages and service awards ($15,000.00 total).

FINAL APPROVAL ORDER AND FINAL JUDGMENT - 1
CASE NO. 3:17-CV-05864-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

On September 10, 2019, the Court preliminarily approved the Agreement and directed that notice be given to the Class (Dkt. #66). Pursuant to the notice requirements set forth in the Agreement and Preliminary Approval Order, Class Members were notified of the terms of the proposed Agreement, of their right to opt out, and of their right to object and be heard at a Final Approval Hearing to determine whether the terms and conditions of the Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Agreement; and whether judgment should be entered dismissing this action with prejudice.

The Court has reviewed and considered all papers filed in support of and in opposition to the settlement, and all exhibits thereto, and held a hearing after notice was sent to the Class in order to confirm that the settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order should be entered in this action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing") on January 10, 2020 at 9:30am. At the Final Approval Hearing, the parties and all interested persons were heard in support of and in opposition to the settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the Class. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

2. In its class certification order, the Court certified the following Class:

> All persons who returned to Defendants a signed "Stipulation Re Balance Owed and For Judgment," or "Stipulated Judgment," or substantially similar debt collection form, at any time since September 18, 2013.

Dkt. #40 at 4. The Court determined that the Class satisfied all of the requirements of Rule 23(a) and 23(b)(3). *Id.* at 5-15. The Court reserved ruling on certification of the proposed FDCPA Sub-Class, pending further briefing by the parties. *Id*. at 4, 7. The Court found that the Sub-Class satisfied commonality, typicality, adequacy, predominance, and superiority, but

reserved ruling on certification of the Sub-Class pending additional briefing on numerosity. *See* Dkt. #5-15.

Pursuant to the terms of the Agreement, the Court modified the class definition in its Preliminary Approval Order to include all persons against whom Defendant obtained a judgment by filing one of the challenged forms within the four-year statute of limitations under the Consumer Protection Act, as follows:

> All persons who returned to Defendant a signed "Stipulation Re Balance Owed and For Judgment" or "Stipulated Judgment," or substantially similar debt collection form, at any time since September 18, 2013, and any person against whom Defendant obtained a judgment by filing a "Stipulation Re Balance Owed and For Judgment" and "Stipulated Judgment," at any time since September 18, 2013.

Dkt. #66 ¶ 3. In its Preliminary Approval Order, the Court also found that the FDCPA Sub-Class satisfies numerosity and certified the following Sub-Class:

> All persons in the Class whose alleged debt was incurred primarily for personal, family, or household purposes and from whom P.S.C. collected or attempted to collect a debt using a "Stipulation Re Balance Owed and For Judgment" or "Stipulated Judgment," or substantially similar debt collection form, at any time since September 18, 2016.

Dkt. No. 66 ¶ 3. The Court finds that the elements of numerosity, commonality, typicality, adequacy, predominance, and superiority are satisfied for the Class and FDCPA Sub-Class.

3. The Court reaffirms its appointment of Kimberly Miller, Briana Houser, and Dean Bucholz as Class Representatives (Dkt. #40 at 16), and the Terrell Marshall Law Group and the Law Office of Joshua L. Turnham PLLC, as Class Counsel (*id.*).

4. The Court finds that the notice given to Class Members pursuant to the terms of the Agreement fully and accurately informed Class Members of all material elements of the settlement and constituted valid, sufficient, and due notice to all Class Members. The notice

FINAL APPROVAL ORDER AND FINAL JUDGMENT - 3
CASE NO. 3:17-CV-05864-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.

5. The settlement requires P.S.C. to establish a Settlement Fund in the amount of $1,520,000 to be comprised of (a) $275,000 in write-offs of the balances owed on Class Member Accounts; and (b) $1,245,000 in cash that the parties propose to use to make payments to all Class Members with a deliverable address who did not timely exclude themselves from the settlement ("Settlement Class Members"); pay the settlement administrator the costs of notice and settlement administration expenses in an amount capped at $18,000; pay statutory damages and service awards in the amount of $5,000.00 to each Class Representative; and pay Class Counsel's attorneys' fees and expenses in the amount of $380,000.00. The Settlement Fund is non-reversionary and any amounts remaining in the Settlement Fund after the deadline to cash checks has expired shall be disbursed to the Legal Foundation of Washington and the Northwest Consumer Law Center, two non-profit organizations dedicated to protecting Washington consumers, including victims of unfair debt collection practices.

6. P.S.C. is ordered to comply with the non-monetary relief required by the Settlement. P.S.C. shall no longer use collection-related forms that purport to permit entry of judgment without first serving a summons and complaint or file the Stipulated Judgment forms in any court in Washington. P.S.C. shall, within ten days of the Effective Date of this settlement, cease all efforts to apply for writs of garnishment in any Pierce County Superior Court case where it obtained a judgment against any Class Member Judgment Account without having served the Class Member with a summons and complaint. And P.S.C. shall, within ninety days of the Effective Date of this settlement, file partial or full satisfactions of judgment reflecting the write-off allocations required under the Agreement. Finally, P.S.C. shall, within thirty days of the Effective Date of this settlement, request the deletion of any tradeline it has been reporting to any consumer reporting agency regarding any Class Member account.

FINAL APPROVAL ORDER AND FINAL JUDGMENT - 4
CASE NO. 3:17-CV-05864-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

7. The Court finally approves the Agreement, including the plans for implementation and distribution of the Settlement Fund, and finds that it is in all respects fair, reasonable, adequate, and in the best interest of the Class Members and the result of extensive arm's length negotiations. The parties dispute the validity of the claims in the action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Agreement to be fair, reasonable, and adequate. Had the parties continued to litigate, it is likely that P.S.C. would have filed dispositive motions related to Class Members' claims. And Class Members would have faced the risk and expense of trial, as well possible appeals of the Court's class certification order and any other dispositive rulings. Class Counsel have reviewed the Agreement and find it to be in the best interest of the Class. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of settlement approval. In making this determination, the court has considered the criteria set forth in the recently amended Federal Rule of Civil Procedure 23, and the factors outlined in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), and *Churchill Village, L.L.C. v. General Electric*, 361 f.3d 566, 575-76 (9th Cir. 2004).

8. The parties, their counsel, and the Class Administrator shall fulfill their obligations and duties under the Agreement. The Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

9. The Court dismisses with prejudice this action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

10. The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

11. Plaintiffs and the Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

12. The Class Administrator executed the Notice Plan according to the terms of the Agreement. The notices apprised the Class Members of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Class under the Agreement; of the res judicata effect on members of the Class and of their opportunity to object to, comment on, or opt out of, the settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The Notice Plan prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The notice given to Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. The notices were reasonably calculated under the circumstances to apprise Class Members of the pendency of this action, all material elements of the settlement, and their opportunity to exclude themselves from, object to the settlement, and appear at the final fairness hearing. The Court has afforded a full opportunity to all Class Members to be heard. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Approval Order.

13. No Class Members opted out of the Class or filed objections.

14. All persons who have not made their objections to the settlement in the manner provided in the Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

15. Within the time period set forth in section III.2 of the Agreement, Settlement Payments shall be issued to each Settlement Class Member under the terms of the Agreement.

FINAL APPROVAL ORDER AND FINAL JUDGMENT - 6
CASE NO. 3:17-CV-05864-RBL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

16. The Court finds the number of hours expended by Class Counsel in this litigation and Class Counsel's hourly rates to be reasonable and approves payment of attorneys' fees and costs in the amount of $380,000.00. This amount shall be taken out of the Settlement Fund that is paid by P.S.C. pursuant to the terms of the Agreement. The Court finds this amount to be appropriate and reasonable in light of the work performed by Class Counsel and the benefits obtained by the Settlement Class Members. In addition, the Court finds that the Agreement was negotiated at arm's length and without collusion.

17. The Court further grants Class Counsel's application for statutory damages and service awards for Class Representatives Kimberly Miller, Briana Houser, and Dean Buchholz in the amount of $5,000.00 each. The Court finds this amount to be reasonable in light of the service performed by the Class Representatives. This amount shall be paid from the Settlement Fund in accordance with the terms of the Agreement.

18. Neither this This Final Approval Order and Judgment nor the Agreement is an admission or concession by P.S.C. or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. Neither the Final Approval Order nor the Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this action.

19. Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means any and all claims, causes of action,

FINAL APPROVAL ORDER AND FINAL JUDGMENT - 7
CASE NO. 3:17-CV-05864-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, injunctive relief, costs, expenses, and attorneys' fees of any nature whatsoever, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that were brought or that could have been brought in the action as of the date this Agreement is executed, and that arise out of or relate to Defendant's debt collection efforts based on the "Stipulation Re Balance Owed" and "Stipulated Judgment" forms, including, but not limited to, claims based on a violation of the FDCPA, or Washington CAA or CPA, and any other statutory, common law or equitable claim.

20. The Court retains jurisdiction to consider all further matters arising out of or connected with the settlement, including the implementation and enforcement of the Agreement.

21. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable and the case dismissed with prejudice.

IT IS SO ORDERED.

DATED this 10th day of January, 2020.

_____
Ronald B. Leighton
United States District Judge

FINAL APPROVAL ORDER AND FINAL JUDGMENT - 8
CASE NO. 3:17-CV-05864-RBL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com